UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 11-287 |
| STEVE A. WHITE | SECTION I |

## ORDER AND REASONS

*Pro se* defendant, Steve A. White ("White"), has filed a motion[1] pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure seeking the return of $19,071.00 seized by the government. The government has filed an opposition[2] in which it argues that the motion should be denied for four reasons:

(1) the defendant lacks standing, as his property interests in the currency were divested at sentencing;

(2) the defendant waived his right to appeal, which was his exclusive remedy for challenging the Court's order of forfeiture;

(3) the defendant waived his right to contest the forfeiture through his plea agreement; and

(4) the defendant acknowledged and stipulated through his plea agreement that the property constituted forfeitable proceeds of his criminal activity.[3]

The Court concludes that the government is correct with respect to all four of these argument, and that White's motion must therefore be denied.

---

[1] R. Doc. No. 123.
[2] R. Doc. No. 125.
[3] R. Doc. No. 125, at 1.

# BACKGROUND

The government's brief adequately summarizes the relevant background of this case:

> On September 27, 2011, law enforcement officers conducted an investigatory stop of defendant Steve A. White and found him in possession of over 100 grams of heroin. (Rec. Doc. 1). The following day, officers executed a search warrant at White's residence located at 4926 Arts Street, New Orleans, and seized $19,071.00 U.S. Currency, in addition to firearms and drugs. *Id*.
>
> On November 17, 2011, White was indicted by a federal grand jury in the above-captioned case for possession with intent to distribute heroin, possession of firearms by a convicted felon, and possession of firearms in furtherance of heroin trafficking. (Rec. Doc. 8). The indictment contained a notice of drug forfeiture, advising the defendant that he "shall forfeit to the United State . . . any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission" of the drug crime charged in the Indictment. *Id*. at p. 3.
>
> On January 19, 2012, the grand jury returned a superseding indictment, charging White with the same crimes as in the original indictment, but adding an additional conspiracy charge against him and additional charges against a co-defendant, Jerome Tumblin. (Rec. Doc. 18). The superseding indictment again included a notice of drug forfeiture, with language identical to that excerpted above.
>
> On May 16, 2012, the United States filed a bill of particulars, which specified that the $19,071.00 U.S. Currency seized from White was among the assets subject to forfeiture in this case. (Rec. Doc. 49).
>
> On May 17, 2012, pursuant to a written and signed plea agreement, White pled guilty to Count 1 of the superseding indictment, which charged conspiracy to possess with intent to distribute 100 grams or more of heroin. (Rec. Docs. 51 and 53). As a part of the plea agreement, in addition to waiving his appeal rights, White expressly waived his right to contest the forfeiture of any asset listed in the bill of particulars and agreed that all such assets were in fact the proceeds of his criminal conduct as alleged by the government:
>
>> The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. **The defendant further agrees not to contest the administrative, civil, or criminal forfeiture of any such asset(s).** These assets include, but are not limited to, any assets charged in the Indictment or any Bill of Particulars filed by the United States. **The defendant agrees that any asset charged in the Indictment**

**or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.**

(Rec. Doc. 53, p. 4) (emphasis added).

On July 2, 2012, the Court entered a preliminary order of forfeiture, transferring to the United States any and all right, title, or interest of the defendant in the $19,071.00 U.S. Currency. (Rec. Doc. 56).

On September 27, 2012, the Court sentenced White to 300 months imprisonment and adopted by reference the preliminary order of forfeiture as a part of the sentence. (Rec. Doc. 84, p. 6). The defendant did not appeal his sentence.

On November 20, 2012, the Court entered a final order of forfeiture, decreeing that all right, title, and interest in the $19,071.00 U.S. Currency was fully and finally vested in the United States. (Rec. Doc. 88).

On September 3, 2013, White filed a motion to vacate sentence under 28 U.S.C. § 2255, in which the defendant alleged that his attorney had ignored his request to file a timely notice of appeal of his conviction and sentence. (Rec. Doc. 100). The Court denied the motion in part, but scheduled an evidentiary hearing regarding White's claim about the notice of appeal, among other issues. (Rec. Doc. 105). However, prior to the hearing, and on motion of the defendant, the Court dismissed these other claims with prejudice. (Rec. Docs. 113 and 116).[4]

On February 10, 2016, the defendant filed a motion for return of property, seeking a release of the $19,071.00 U.S. Currency. (Rec. Doc. 123). The Court ordered the government to file a response to the motion no later than February 25, 2016. (Rec. Doc. 124).[5] [The government did so.]

## LAW AND ANALYSIS

"A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property." *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the preliminary order of forfeiture is made a part of the defendant's sentence and becomes final at the time of sentencing. Any and all of the defendant's property rights in the assets specified in the order are "extinguished upon the entry of the preliminary order of forfeiture at the time of the criminal judgment." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011), citing *De Los Santos*, 260 F.3d 446, 448. Once the

---

[4] The Court dismissed the remaining claims in response to White's motion to dismiss his § 2255 petition with prejudice. *See* R. Doc. Nos. 112, 113.
[5] R. Doc. No. 125, at 1-4.

3

defendant has been divested of his interest in the forfeited property, he "lacks standing to challenge the forfeiture," and his only "remedy [i]s a direct appeal." *Id*. The defendant has 14 days from the date of sentencing to file a notice of appeal. Fed. R. Crim. P. 32.2(b)(4); Fed. R. App. P. 4(b). This right of appeal is the defendant's exclusive remedy for challenging the forfeiture. *See Torres*, 450 F. App'x 361, 362 ("To the extent that the Rule 41(g) motions sought return of the property listed in the verdict and judgment, Torres acknowledges that his remedy was a direct criminal appeal.").

In this case, the Court entered a preliminary order[6] of forfeiture divesting White of any and all interest in the $19,071.00 of U.S. Currency that he now seeks to returned to him. That preliminary order became a final, appealable judgment when White was sentenced on September 27, 2012.[7] The forfeiture could only be challenged by direct appeal. *See Torres*, 450 F. App'x 361, 362. White waived his right to direct appeal as part of his plea agreement with the government.[8] But even if White's plea deal had not waived that right, White nevertheless waived his right to challenge the forfeiture of the currency by failing to file a notice of appeal within the time provided by Rule 4(b) of the Federal Rules of Appellate Procedure. Although White later claimed in his § 2255 motion that his failure to appeal was only a result of ineffective assistance of counsel, the claims in that motion were either denied by the Court and/or dismissed with prejudice at the request of the defendant.[9] Accordingly, there is no doubt that White has waived his right to appeal the government's seizure of the $19,071.00 of U.S. Currency.

---

[6] R. Doc. No. 56.
[7] R. Doc. No. 84.
[8] *See* R. Doc. No. 54.
[9] R. Doc. Nos. 105, 113.

Because the Court concludes that White has waived his right to file the present motion, it need not address the government's alternative grounds for denying White's requested relief. The Court notes, however, that the government is also correct in asserting that White's motion should be denied because he acknowledged in his plea agreement that the assets specified in the bill of particulars[10]—which included the $19,071.00 of U.S. Currency—were "forfeitable as proceeds of the illegal activity" to which he pleaded guilty.[11] Furthermore, White agreed in his plea deal "not to contest the administrative, civil, or criminal forfeiture of . . . assets includ[ing] . . . any assets charged in the . . . Bill of Particulars filed by the United States."[12] These are additional grounds for denying White's motion. Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that defendant's motion for return of property is **DENIED**.

New Orleans, Louisiana, March 9, 2016.

                                              **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. No. 49.
[11] *See* R. Doc. No. 54, at 4.
[12] R. Doc. No. 54, at 4.

5